UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WORLD WIDE LEARN, INC., <br><br> Plaintiff, <br><br> v. <br><br> WWW.WORLDSWIDELEARN.COM, <br><br> Defendant. | CASE NO. C06-0123C <br><br> ORDER |

This matter comes before the Court on Plaintiff's motion for early discovery. (Dkt. No. 6.) Specifically, Plaintiff seeks leave to commence third-party discovery practice before an *in personam* defendant makes an initial appearance and, necessarily, before the parties engage in the required Rule 26(f) discovery conference. Having considered the papers submitted by Plaintiff and finding oral argument unnecessary, the Court will GRANT Plaintiff's motion as follows.

This case arises from an anonymous (or pseudonymous) individual's development and use of an allegedly fraudulent website that mimics the appearance of Plaintiff's legitimate site and infringes on Plaintiff's copyrights. (Mot. 1–2.) Despite efforts to shut down the counterfeit site and identify the individual(s) responsible for its development and maintenance, Plaintiff has been unable to track down any such person. (*Id.*) Plaintiff filed its complaint on January 24, 2006, *in rem* against the counterfeit website itself under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125. (Dkt. No. 1.)

ORDER – 1

Without any means to locate or serve an *in personam* defendant, Plaintiff has filed a motion for leave to serve four subpoenas on third parties that may have information about the owner or operator of the website. (Mot. 6.) Specifically, Plaintiff wishes to serve subpoenas on (1) "eNom, the entity that serves as the registrar for the counterfeit website"; (2) "NameCheap.com, the entity to which the domain name was transferred"; (3) "NAC, the entity that hosts the counterfeit website"; and (4) "Coverclicks, an entity with whom the Counterfeit Registrant may have contracted for advertising services." (*Id.*)

In the ordinary course, Civil Rule 26(d) prohibits the commencement of discovery before the parties engage in the discovery-planning conference mandated by Rule 26(f). FED. R. CIV. P. 26(d), (f). However, because neither an *in personam* defendant nor a representative of the *in rem* defendant has entered an appearance in this case, Plaintiff argues that awaiting such a conference would be futile.

"There is scant authority on the standards governing the availability of expedited discovery before the Rule 26(f) scheduling conference in civil cases." *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001). Nonetheless, the generally accepted rule appears to be that such discovery will be permitted upon a showing of good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*

There does not appear to be any authority permitting early discovery against third parties and where a defendant has failed to make an appearance. The Court finds, however, that Plaintiff's diligent efforts to locate an *in personam* defendant or any person willing to appear on behalf of the *in rem* defendant demonstrate that no prejudice will result from permitting early discovery in this case. Moreover, the interests of justice are served by allowing Plaintiff to engage in discovery that may enable it to locate and serve an *in personam* defendant and thereby avoid the need for entry of a default judgment. *See Semitool*, 208 F.R.D. at 276 ("[T]he courts have recognized that good cause [for early discovery] is frequently found in cases involving claims of infringement."). Without reaching any

ORDER – 2

conclusions as to the propriety, relevance, or burdensomeness of the discovery requests propounded via the subpoenas, the Court finds that Plaintiff should be given leave to serve the subpoenas on the designated third parties.

For the foregoing reasons, the Court hereby GRANTS Plaintiff's motion for leave to serve non-party subpoenas before a Rule 26(f) discovery conference. Plaintiff is ORDERED to serve the subpoenas in accordance with Civil Rule 45(b), such that each non-party recipient has ample time to review the subpoenas and an opportunity to be heard if necessary.

SO ORDERED this 22nd day of February, 2006.

*[signature: John C. Coughenour]*

UNITED STATES DISTRICT JUDGE

ORDER – 3